UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE BAILEY | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| SHANELL WILLIAMS AND GEICO (GOVERNMENT EMPLOYEES INSURANCE COMPANY) | MAGISTRATE JUDGE |
| | **JURY DEMAND** |

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes Defendant, **GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO")** and files this Notice of Removal of this cause from the Civil District Court for the Parish of Orleans, Suit No. 2023-1327, Division B, to the United States District Court, Eastern District of Louisiana, pursuant to 28 U.S.C. § 1441, et seq., and in support thereof, states as follows:

1.

GEICO is a defendant in the instant civil action brought in the Civil District Court for the Parish of Orleans, Suit No. 2023-1327, Division B, entitled *Jane Bailey versus Shanell Williams and Government Employees Insurance Company.* Copies of all documents from the suit record at the Civil District Court for the Parish of Orleans are attached hereto as Exhibit "A".

2.

This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441(B), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.

Plaintiff, Jane Bailey, is a resident of the Parish of Orleans, Louisiana, and is a citizen of the State of Louisiana. [1]

4.

Defendant, GEICO, is a foreign corporation organized under the laws of the State of Nebraska and having its principal places of business in Washington D.C. and Maryland and therefore is a citizen of states other than Louisiana.

5.

Plaintiff has also named Shanell Williams as a defendant. However, as shown below, Ms. Williams has improperly and/or fraudulently joined in this action solely to defeat federal subject matter jurisdiction. There is no conceivable basis for recovery against this defendant, even on the face of the Petition, which does not allege any cause of action against her as a nominal defendant. All that is alleged is that Ms. Williams was the owner of a vehicle operated by plaintiff, Jane Bailey, which was struck by an alleged at Fault driver, David Bradley. There is no allegation that Ms. Williams was negligent with regard to the accident or committed any actionable wrong doing (Ms. Williams is also loosely accused of being the co-insurer of GEICO, which allegations are legally absurd on their face). Her citizenship must therefore be disregarded for the purposes of determining that diversity jurisdiction and removal jurisdiction exist.

6.

The allegations and claims asserted in this matter arise from an accident involving a vehicle being driven by Plaintiff, Jane Bailey, and another vehicle owned and driven by David Bradley, which occurred on or about February 20, 2021, in Orleans Parish, Louisiana. Plaintiff has asserted personal injury claims arising out of the incident.

---

[1] See Paragraph II, section a. in Petition for Damages, attached as Exhibit A

7.

David Bradley, the at-fault driver and his liability insurer, Progressive Insurance Company, were previously sued by Ms. Bailey in a separate proceeding in which David Bradley was alleged to be solely at fault in causing the accident. Those defendants accepted responsibility for this accident.

8.

GEICO, named defendant in the instant case, and not the prior case, issued a policy of insurance in respect of Shanell Williams's vehicle, which included uninsured motorist and underinsured motorist coverage ("UM/UIM"), subject to the terms of a written policy having limits of coverage in excess of $50,000.00. Plaintiff has made claims for full limits as well as bad faith handling, penalties and attorney fees, bringing the amount in controversy well in excess of $75,000.00. The policy contains certain restrictions, conditions, exclusions and other contractual terms, which are all expressly reserved herein and incorporated by reference. Plaintiff contends that GEICO is contractually liable for UIM benefits and also attempts to assert a bizarre and legally unrecognizable claim that Ms. Williams was required to tender her own money under the GEICO policy.

9.

Plaintiff has advised that she has settled her claims in the separate suit against Mr. Bradley and his liability insurer, Progressive Insurance Company, in consideration of payment of full policy limits by Progressive to plaintiff. Plaintiff has now alleged that the settlement and payment of policy limits by Progressive is inadequate to compensate her for her injuries and damages caused by the fault of Mr. Bradley, and she has made demand herein for UM/UIM

benefits under GEICO's policy by virtue of her being a driver of the Williams vehicle and her alleged injuries due solely to the fault of a third party driver, Mr. Bradley.. In other words, Plaintiff is herself claiming to be an "insured" under the Williams policy's UM/UIM provisions. She has never alleged any facts whatsoever suggesting any fault by Ms. Williams or any other basis of liability against Ms. Williams in either suit.  In fact, Ms. Williams' sole role in this matter is as the passive owner of a vehicle that was subject to a wreck by plaintiff, who now claims benefits as an insured in her own right under GEICO's UM/UIM policy on the vehicle purchased by Ms. Williams.

10.

Not only do the facts of this matter negate the existence of any conceivable cause of action again Ms. Williams, but a simple review of the Petition demonstrates that the plaintiff has not even attempted to assert a cause of action against her, simply joining Ms. Williams as a defendant in name only to defeat diversity.  There is not a single allegation of actionable fault against Ms. Williams nor any prayer for legally actionable relief against her in the Petition. The Petition simply fails to state any claim or cause of action upon which relief could be granted against this defendant.

11.

Plaintiff has repeatedly asserted and conceded that the accident and resulting injuries were caused by the fault of Mr. Bradley.  No other party has ever been alleged to be at fault, and it is clear that GEICO is being sued under Ms. Williams's UM/UIM policy solely to answer for the fault of Mr. Bradley, as the plaintiff specifically alleges he was underinsured for his legal liability. The named insured under a UM/UIM policy bears no personal responsibility for the actions of an uninsured tortfeasor and is simply not a proper party defendant when a passenger

claims the right of first party coverage as an additional assured on the UM/UIM policy covering a vehicle she was in. It is important to note that GEICO is not being sued, nor have any claims ever been made to GEICO, in a capacity as a liability carrier for Ms. Williams, because no personal liability of Ms. Williams has ever been alleged either in the prior suit where Mr. Bradley was alleged to be solely responsible for the accident or in the instant suit.

Based on the foregoing, there is no conceivable cause of action against Ms. Williams and the standards for establishing misjoinder and/or fraudulent joinder as set forth by the U.S. Fifth Circuit in *Smallwood v. Ill. Cent. RR Co*, 385 F3d 568 (5th Cir 2004) (*en banc*) and its progeny are easily satisfied.

12.

Plaintiff's alleged personal injuries arising from the accident as asserted herein also meet the "amount in controversy" threshold for diversity of citizenship jurisdiction. Plaintiff's claims for damages under the GEICO UM/UIM policy include medical, special, and general damages, as well as other consequential damages, penalties/punitive damages and attorney fees the combined total of which exceed the jurisdictional amount of $75,000.00.

13.

GEICO has dutifully complied with its obligations to investigate the alleged UM claim (and the claim is subject to valid defenses); however, plaintiff has nevertheless also alleged separate counts of misconduct against GEICO and is seeking penalties, damages, and attorney fees. Once again, these claims are strongly disputed, however for the purposes of federal jurisdiction, they serve to demonstrate significant additional monetary claims that the plaintiff has now placed at issue, and which further exceed the $75,000.00 jurisdictional requirement.

14.

GEICO was served with Plaintiff's Petition for Damages in the instant case on May 18, 2023, and this Notice of Removal is being filed within thirty (30) days after the receipt by the Defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. A supplemental petition was filed on June 12, 2023.

15.

Shanell Williams has not yet been served with the Petition or Supplemental Petition and in any event, this defendant was improperly and/or fraudulently joined and the consent of Ms. Williams to this removal is not required.

16.

The Defendant represents that promptly upon filing of this Notice of Removal, it will give written notice thereof to the Plaintiff and shall file a copy of the Notice of Removal with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, wherein said state court action is now pending. A copy of said notice is attached hereto as Exhibit "B".

17.

The Defendant respectfully prays that the removal of this civil action be permitted, and that the Civil Judicial District Court for the Parish of Orleans, State of Louisiana be notified, to proceed no further.

**WHEREFORE**, Defendant, **GOVERNMENT EMPLOYEES INSURANCE COMPANY**, respectfully prays that the above referenced matter now pending in the Civil District Court for the Parish of Orleans, Suit No. 2023-1327, Division B, entitled *Jane Bailey*

*versus Shanell Williams and Government Employees Insurance Company,* be removed and proceed in this Court as an action properly removed and to serve the interests of justice.

Respectfully submitted this ___ day of June, 2023.

                        Respectfully submitted,

                        **BARRY, ROME & SCOTT**

                        */s/ Stephen R. Barry*
                        STEPHEN R. BARRY (#21465)
                        DAPHNE P. MCNUTT (#20292)
                        JAMES J. YOUNG, IV (#25941)
                        A Professional Law Corporation
                        612 Gravier Street
                        New Orleans, Louisiana 70130
                        Telephone:  (504) 525-5553
                        Facsimile:  (504) 525-1909
                        Email: sbarry@barryrome.com
                        Email: dmcnutt@barrylawco.com
                        Emil: jyoung@barryrome.com
                        **Attorneys for GEICO**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has on this date been serviced on all counsel of record in this proceeding by:

| | |
|---|---|
| ☐ Hand Delivery | ☐ Prepaid U.S. Mail |
| ☐ Facsimile | ☐ Federal Express |
| ☐ Electronic Mail | ☒ CM/ECF |

New Orleans, Louisiana this ___ day of _____, 2023.

                        */s/ Stephen R. Barry*
                        **STEPHEN R. BARRY**